**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC ANDREW O'DELL,<br><br>              Plaintiff - Appellant,<br><br>   v.<br><br>JOHN MUNGER, Floor Officer; G. BADILLA, Floor Officer,<br><br>              Defendants - Appellees. | No. 13-55702<br><br>D.C. No. 3:11-cv-02181-WQH-BGS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

California state prisoner Eric Andrew O'Dell appeals pro se from the district

court's judgment dismissing for failure to exhaust his 42 U.S.C. § 1983 action

alleging excessive force and other claims.  We have jurisdiction under 28 U.S.C.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010), and we affirm.

The district court properly concluded that O'Dell failed to exhaust his administrative remedies because O'Dell did not exhaust his grievances to the final level of review in a timely manner, or establish that he should be excused from the exhaustion requirement.  *See Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006) (Prison Litigation Reform Act requires "proper exhaustion," which means completing the administrative review process in compliance with all relevant deadlines and other applicable procedural rules); *Sapp*, 623 F.3d at 818 (setting forth administrative exhaustion process under relevant California regulations); *Nunez v. Duncan*, 591 F.3d 1217, 1224, 1226 (9th Cir. 2010) (where defendant establishes failure to exhaust, burden shifts to plaintiff to prove that administrative remedies were unavailable to him).

O'Dell's contentions regarding defendants' alleged misstatement of facts and evidence, the district court's alleged failure to review his arguments and exhibits, and the allegedly erroneous dismissal of his damages claims against defendants in their individual capacity, are unpersuasive.

O'Dell's request for "all proper, just and equitable relief available," filed on November 15, 2013, is denied as moot.

**AFFIRMED.**